# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KIRSHA BROWN,**

       **Plaintiff,**

**v.**                                                                **Case No:   6:17-cv-633-Orl-40KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **OPPOSED MOTION FOR ENTRY OF JUDGMENT WITH REMAND (Doc. No. 14)**
>
> **FILED:**      **August 1, 2017**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff, Kirsha Brown, appearing pro se, filed a complaint in this case against the Commissioner of Social Security. Brown alleges that the Social Security Administration ("SSA") violated her rights by failing to reinstate her social security disability benefits after she was released from jail. Brown also alleges that SSA representatives made a number of false or misleading statements. These statements include that Brown was terminated from Medicare[1] while she was

---

[1] Medicare eligibility is part of a social security disability award.

in jail due to failure to pay Medicare premiums, and that she was misinformed by an SSA field office employee regarding whether such premiums were due. Brown further alleges that another SSA representative incorrectly told her in a telephone conversation that her benefits were terminated because she was no longer disabled. She also submits that an SSA representative incorrectly stated in a letter that an $8000.00 underpayment was withheld to satisfy a $10,000.00 past debt. In March 2017, Brown submitted a Waiver, Reconsideration, Appeals and Request for a Hearing before an Administrative Law Judge. Doc. No. 1. It appears from the Commissioner's motion that a hearing has not been held. Doc. No. 14.

Brown alleges claims for violation of the Rehabilitation Act, and violation of her civil rights based on acts of intentional discrimination pursuant to 42 U.S.C. § 1981(a)(1), (b)(2), and (3)(d). She also seeks damages pursuant to 42 U.S.C. § 1320a-8(a)(1) based on the alleged false statements of material facts by the SSA and its representatives. She requests reinstatement of her monthly benefits and Medicare coverage. *Id.*

Pursuant to 42 U.S.C. § 405(g), the SSA requests that the Court reverse the final decision of the Commissioner and remand the case to permit the SSA to conduct a hearing and take further action. Doc. No. 14. Section 405(g) states that the Court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing. Therefore, the Court has the power to grant the relief the Commissioner requests. However, a remand of the case would not resolve the claims for damages arising under the various causes of action relied on by Brown.[2] For these reasons, I

---

[2] Brown should be aware that a remand of the case to the Commissioner might result in a more speedy resolution of her claim for reinstatement of her disability benefits and Medicare coverage, particularly if the Commissioner agreed to resolve those issues promptly if the case were remanded.

recommend that the Court find that reversing the SSA's decision and remanding the case for further proceedings would not resolve all the claims in this case.

I **recommend** that the Court require the United States to answer or respond to the complaint within fourteen days after the Court issues its decision on this Report and Recommendation. I **further recommend** that the Court direct the Clerk of Court to categorize this case as a Track II case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 10, 2017.

      *Karla R. Spaulding*
      KARLA R. SPAULDING
      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy