KIRSHA BROWN,

        Plaintiff,

v.                                  Case No:  6:17-cv-633-Orl-40KRS

COMMISSIONER    OF    SOCIAL
SECURITY,

        Defendant.
_____/

## ORDER

This cause is before the Court on Defendant Commissioner of Social Security's Opposed Motion for Entry of Judgment with Remand (Doc. 14), filed August 1, 2017. Plaintiff filed a Response in opposition (Doc. 18) on August 9, 2017, and Magistrate Judge Karla R. Spaulding submitted a Report and Recommendation ("R&R") on August 10, 2017. (Doc. 19). The Magistrate's R&R found that reversing the final decision of the Commissioner and remanding the case "would not resolve the claims for damages arising under the various causes of action" alleged by Brown in the Complaint in this case. (Doc. 19, p. 2). Magistrate Judge Spaulding therefore recommended the Court deny Defendant's Motion for Entry of Judgment with Remand. (*Id.* at pp. 2–3). The R&R also recommended that the Clerk of Court categorize this case as a Track II case. (*Id.* at p. 3).

On September 25, 2017, the Commissioner of the Social Security Administration filed a document entitled "Defendant's Objections to the Magistrate Judge's Report and

Recommendation, Response to Plaintiff's Motion for Summary Judgment, and Motion to Dismiss." (Doc. 36).[1]

## I.  BACKGROUND

Defendant's filing at Doc. 36 sought three objectives: (i) object to the R&R; (ii) respond to Plaintiff's Motion for Summary Judgment dated August 24, 2017 (Doc. 23); and (iii) move to dismiss the complaint for failure to state a claim. (Doc. 36). Defendant's compound motion seeks three objectives, but can achieve none. The Court addresses these objectives out of sequence.

Although the title of Defendant's filing at Doc. 36 suggests that it includes a response to Plaintiff's Motion for Summary Judgment, it does not, *and could not*. The Court denied without prejudice as premature Plaintiff's Motion for Summary Judgment on August 25, 2017—a full month before Docket Entry #36 was filed. (Doc. 24).

With respect to the third objective of Doc. 36, to move to dismiss, Defendant ignores the well-settled procedural rule that requests for affirmative relief shall be stated in a separate filing.[2] Instead of filing a separate motion to dismiss, Defendant simply embedded a motion to dismiss into a filing purporting to object to an R&R (and to respond to a motion for summary judgment). To the extent Defendant moves to dismiss Plaintiff's claims in the filing at Doc. 36, the motion is denied.

The Court now turns to Defendant's objection to the R&R. The filing at Doc. 36 contains a single objection, obscured by dismissal arguments. Defendant's sole Objection

---

[1]  Plaintiff also filed a Reply opposing Defendant's Objection (Doc. 42) on December 18, 2018.

[2]  "All requests for affirmative relief shall be made by a separate motion." *L-3 Comms. Corp. v. Sparton Corp.*, No. 6:13–cv–1481–Orl–TBS, 2014 WL 2003120, at * (M.D. Fla. May 15, 2014) (citing Fed. R. Civ. P. 7; M.D. Fla. Rules 3.01(a), (f)).

is that remand is appropriate where this Court "is unable to determine from the Commissioner's decision that the proper legal standards were applied," and that the Administrative Record in this case is deficient because of the absence of a hearing or final decision in the underlying Social Security Administration proceedings. (Doc. 36, p. 9).

## II.   STANDARD OF REVIEW

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III.   DISCUSSION

### A.   Motion to Remand

Upon *de novo* review, the Court adopts Magistrate Judge Spaulding's recommendation that this case not be remanded. The Court agrees with Defendant's contention that the record is unclear. However, a remand under sentence four of 42 U.S.C. § 405(g) is not the remedy. That Section authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). Based on the record, the Court is unable to discern specifically the "decision" the Defendant asks

the Court to affirm.[3] Accordingly, the current record is insufficient to evaluate the motion before the Court. The motion is therefore denied.

## B. Shotgun Pleading

Plaintiff's Complaint is a shotgun pleading, and repleader is thus necessary. Faced with a shotgun pleading, district courts possess the inherent authority to order repleader *sua sponte. Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

In *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit outlined four types of shotgun complaints:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes omitted). All four categories of shotgun complaints are deficient because "they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

---

[3] Because of the inadequacy of the current record, Defendant's Motion to Remand is dismissed *without prejudice*. Defendant may again seek remand when the record is clearer as to the specific decision of the Commissioner that Plaintiff disputes. However, because of the additional claims brought by Plaintiff, a motion to dismiss would be proper with respect to Plaintiff's claims for damages.

The bases for dismissing shotgun pleadings arise from the pleadings' violation of Federal Rules of Civil Procedure 8(a)(2) or 10(b). *Weiland*, 792 F.3d at 1320.

Plaintiff's Complaint falls within the third category of shotgun pleadings identified by the Eleventh Circuit in *Weiland*. (Doc. 1). The Complaint fails to separate into counts the various claims asserted, depriving Defendant of "adequate notice of the claims" asserted and the grounds supporting each claim. *See Weiland*, 792 F.3d at 1323. Accordingly, the Complaint is dismissed without prejudice, and Plaintiff is directed to file a more definite statement.

In filing her Amended Complaint, Plaintiff shall write each claim to relief in a separate count.[4] Moreover, Plaintiff shall set out factual allegations in separate numbered paragraphs.

## IV. CONCLUSION

Based on the foregoing, the R&R is adopted in part, with respect to the recommendation that Defendant's Motion for Entry of Judgment with Remand should be denied. Because of the issues relating to the Complaint and the current record, the Court determines that repleader is appropriate.

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Commissioner of Social Security's Opposed Motion for Entry of Judgment with Remand (Doc. 14) is **DENIED WITHOUT PREJUDICE**.

2. Defendant's Objection to the Report and Recommendation (Doc. 36) is **OVERRULED**.

---

[4] Federal Rule of Civil Procedure 10(b) provides that, if doing so would promote clarity, claims based upon separate transactions or occurrences should be stated in separate counts.

3. Defendant's Motion to Dismiss (Doc. 36) is **DENIED WITHOUT PREJUDICE**.

4. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 19) is **CONFIRMED** and **ADOPTED** in part.

5. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff has until and including February 23, 2018, to file an Amended Complaint.

6. In writing her Amended Complaint, Plaintiff shall do the following:[5]

   a. Identify the basis upon which this Court has subject matter jurisdiction over each of her claims

   b. Identify what rights under state law, the Constitution, laws, or treaties of the United States, or otherwise have allegedly been violated by each defendant.

   c. Identify whether she intends to bring this lawsuit on her own behalf, on behalf of another person, or both.

   d. If bringing this lawsuit on behalf of another person, identify how she has the legal authority to do so.

   e. <u>**Write each claim in a separate count**</u>.

   f. Write a short and plain statement of facts for each claim and identify each defendant's involvement in each claim.

---

[5] The Court informs Plaintiff that she can access the Federal Rules of Civil Procedure at http://www.law.cornell.edu/rules/frcp and this Court's Local Rules at http://www.flmd.uscourts.gov/LocalRules.htm. Plaintiff may also visit the Court's library, which is open to the public during normal business hours, in order to access these and other legal resources

g. Identify how she has been damaged or injured by each defendant's conduct.

h. Identify the relief she seeks for each claim.

7. **Plaintiff is cautioned that her failure to file an Amended Complaint within the time provided will result in the Court dismissing this case and closing the file without further notice.**

**DONE AND ORDERED** in Orlando, Florida on February 2, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties